**The Honorable Stanley A. Bastian**

Teri L. Healy
John F. Stanley
U.S. Equal Employment
Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 220-6891
teri.healy@eeoc.gov
john.stanley@eeoc.gov
Attorneys for Plaintiff

William M. Symmes
Michael F. Nienstedt
WITHERSPOON•KELLEY
422 W. Riverside Ave, # 1100
Spokane, WA 99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
wms@witherspoonkelley.com
mfn@witherspoonkelley.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>KAISER ALUMINUM WASHINGTON, LLC,<br>    Defendant**.** | CIVIL ACTION NO. 2:16-CV-343-SAB<br><br>[Proposed] CONSENT DECREE |

## I. INTRODUCTION

1. Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) brought this lawsuit under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, as amended, (ADA) to correct unlawful

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 1 of 15

**EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882**

employment practices and provide relief to Donald McMurray. The EEOC alleged that Defendant Kaiser Aluminum Washington, LLC ("Kaiser") failed to hire Donald McMurray based on a record of and perceived disability. Kaiser denied the allegations of the Complaint.

2. Mr. McMurray filed a charge of discrimination with the EEOC. After investigating, the EEOC sent Kaiser a Letter of Determination on August 24, 2016 finding reasonable cause to believe that Kaiser had violated the ADA. The Parties attempted to conciliate the charge. However, conciliation was unsuccessful. The EEOC thereafter filed this lawsuit on September 30, 2016 in the United States District Court for the Eastern District of Washington.

3. The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and Mr. McMurray's charge of discrimination filed with EEOC. The EEOC and Kaiser enter this Consent Decree to further the objectives of equal employment opportunity in the ADA.

II. JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 2 of 15

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The parties agree that the alleged acts took place within the jurisdiction of the United States District Court for the Eastern District of Washington.

### III.  SETTLEMENT SCOPE

5.    This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Kaiser of a violation of the ADA.

6.    This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices contained in Mr. McMurray's discrimination charge, in the EEOC's administrative determination, and in the Complaint filed herein, including all claims by the parties for attorney fees and costs.

7.    No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 3 of 15

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## IV. MONETARY RELIEF

8. In consideration of the payments set forth in this Section 9, Mr. McMurray will execute a limited release in the Form of Exhibit A hereto.

9. Defendant agrees to pay Donald McMurray the total amount of $175,000 within (15) days of the date of entry of this Consent Decree by delivering the following to Mr. McMurray's home address by overnight mail with proof of delivery to EEOC:

   a. A check in the amount of $125,000 as lost wages payable to Mr. McMurray. The check shall be reduced by any applicable deductions for the employee's portion of FICA and applicable federal and applicable state income tax withholdings related to the payment of wages. Defendant shall pay the employer's portion of FICA. Defendant shall include a statement of payments and deductions; and

   b. A separate check in the amount of $50,000 as compensatory damages payable to Mr. McMurray. Defendant will issue Mr. McMurray an IRS form 1099 for this payment.

   c. Defendant will not condition the receipt of monetary relief by Mr. McMurray on an agreement to: (a) maintain as confidential the facts and/or allegations underlying his charge and complaint and the terms of this Decree; (b) waive his statutory right to file a future charge with any government agency on claims not resolved by this Decree; or a non-disparagement and/or confidentiality agreement.

10. Kaiser will reinstate its offer to Mr. McMurray to the position of production worker, subject to the following.

   a. The parties agree that prior to his employment Mr. McMurray agrees to obtain a release from Dr. Ryan Averett, D.P.M.D. Dr. Averett will

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 4 of 15

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

perform a fitness for duty examination on Mr. McMurray's ankle/heel and determine if he has any physical restrictions that would prevent him from performing work in a construction or industrial environment.  After this assessment Mr. McMurray will complete the physical demands test for the Kaiser Trentwood Production Worker position at Summit Rehabilitation Associates in the presence of Kyle England, an attorney for Kaiser, and an attorney for the EEOC.

b.  If Mr. McMurray fails the physical demands test or if Dr. Averett concludes that Mr. McMurray is physically restricted from performing work in a construction or industrial environment and this restriction would limit him from performing an essential function of the production worker job, Kaiser agrees to, in good faith, enter into the interactive process with Mr. McMurray, and, together, they will consider reasonable accommodations that would enable him to perform the essential functions of the production worker job.  The parties agree that if Kaiser concludes that Mr. McMurray is physically unable to perform the essential functions of the production worker job with or without an accommodation the parties will immediately commence a meeting between Kaiser and the EEOC to attempt to informally resolve any issues.  If the parties are unable to informally resolve any issues related to Kaiser's belief that Mr. McMurray cannot perform the essential functions of the job, the parties will engage in the formal dispute resolution process described in paragraph 27.  Notwithstanding the foregoing, Mr. McMurray is entitled to the monetary consideration set forth in Section 9.

c.  Mr. McMurray will be provided seniority under the Labor Agreement back dated to September 15, 2014.  This should effectively prevent any lay-offs affecting him and allow him to bid more successfully for bids posted within the plant.

d.  Kaiser will agree that, from his date of hire, Mr. McMurray may only be disciplined or terminated for "proper cause." (See Article 11 of the Master Labor Agreement.)  This is essentially good cause as interpreted by neutral arbitrators interpreting Collective Bargaining Agreements.  Mr. McMurray will have the right to utilize the multi-step grievance

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 5 of 15

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

process in the CBA (ending in arbitration by a neutral arbitrator whose decision is binding on the parties) to contest any disciplinary or termination decisions commenced after his date of hire. Kaiser retains the right to transfer him during the training period to meet manpower needs. However, after the expiration of the training period, Mr. McMurray may attempt to exercise his seniority rights to move to a different job.

e. After conclusion of the applicable bidding process for the incumbent union employees, or by no later than November 6, 2017, Kaiser will notify Mr. McMurray of the precise production worker jobs that are available. Kaiser will permit Mr. McMurray to choose from among them.

## V. INJUNCTIVE AND OTHER RELIEF

A. General Provisions

11. Kaiser, its officers, agents, managers, supervisors, and human resource staff, and its successors and assigns are enjoined from engaging in practices which unlawfully discriminate against applicants and/or employees under the Americans with Disabilities Act, as amended, on the basis of disability or in retaliation for engaging in protected activity.

12. Defendant will provide prior written notice to any potential purchaser of Defendant's businesses, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Consent Decree.

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 6 of 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

In recognition of its obligations under the ADA, Defendant shall institute the policies and practices set forth below.

B. Anti-Discrimination Policies and Procedures

13. EEO Policies and Procedures.  Kaiser shall ensure it has written policies and procedures that prohibit discrimination, explain to employees their rights and responsibilities under EEO laws, and are subject to periodic updating to reflect changes in anti-discrimination laws.  The policies and procedures will state that that they are promulgated at the direction of and with the endorsement by the highest level of Kaiser management.  These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation.  Within fourteen (14) days of receipt, the EEOC will advise Defendant of any comments.  EEOC agrees to review the proposed policies and procedures in good faith.

14. Kaiser's anti-discrimination policy will contain specific provisions relating to the Americans with Disabilities Act, as amended, with special emphasis on Kaiser's interviewing and hiring obligations under the ADA.  This policy must include provisions: (1) outlining Kaiser's hiring obligations under the ADA, specifically that the ADA prohibits discrimination because of an individual's actual disability, an individual's record of disability, and because an employer

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 7 of 15

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

regarded an individual as disabled; (2) acknowledging Kaiser's responsibility to comply with the ADA during the hiring process; (3) stating that Kaiser, including its contractors, will ensure that applicants for employment are individually assessed based upon their current capabilities at the time of their medical screen, to perform the essential functions of the job and will not be excluded based solely on a record of disability or a perceived disability; (4) acknowledging that Kaiser's hiring and medical screening processes will take into account all available evidence of a candidate's capabilities, including, without limitation, an applicant's own statements, work history, and medical status; (5) specifying a procedure by which an applicant can appeal if the offer of employment is withdrawn during the medical screening process and a method for notifying applicants of this appeal process; (6) requiring that Kaiser will undertake a review of the files of all applicants who are disqualified at the medical phase of the hiring process to ensure compliance with the ADA; and (7) describing a procedure to track any applicants who are deemed medically disqualified and report this information to the EEOC as part of the annual reporting discussed below.

15. Not later than sixty (60) days after entry of this Consent Decree, Kaiser shall distribute a written copy of its EEO policies to all employees, both management and non-management, and its medical and nursing contractors.

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 8 of 15

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

Kaiser will confirm that it distributed its written EEO policies to all employees and medical and nursing contracts within ninety (90) days of entry of this Decree. The EEO policies will also be distributed to every employee hired or re-hired during the duration of this Decree.

16. Policy Modifications. In the event that Defendant modifies any of the policies identified in paragraphs 12 through 13 above during the duration of the Decree, Defendant shall submit to the EEOC for its review and consideration the proposed modifications no later than thirty (30) days before adoption. EEOC will notify Defendant within fourteen (14) days of receipt of the proposed modifications if it has any comments. EEOC agrees to review the proposed modifications in good faith.

C. ADA Training

17. Defendant shall provide 1 hour of ADA training annually to all salaried employees inclusive of time for questions and answers.

18. In addition, Kaiser shall provide 2 hours of ADA training to all human resources staff, and medical and nurse contractors, which shall include an overview of the ADA with special emphasis on hiring procedures and statutory compliance. The training shall cover the ADA's prohibition against regarding an individual as disabled and excluding individuals based on a record of disability. The training

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 9 of 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

will emphasize how to properly conduct an individualized assessment of an individual's current capabilities. Kaiser shall ensure that the training is developed and administered by third-party instructors with established expertise in compliance with the ADA.  Training materials must be submitted to the EEOC no later than 30 days prior to the training session.  The EEOC will advise Defendant of any comments to the proposed training materials within fourteen (14) days. EEOC agrees to review the training materials in good faith.

19.    The costs of training shall be borne by Defendant.  Defendant shall ensure that all participants sign attendance sheets to certify receipt of training, which it will retain during the duration of the Consent Decree.

20.  Not later than ninety (90) days after entry of this Consent Decree, Kaiser shall commence the ADA training described in Paragraphs 17-18.

21.  For the duration of this Consent Decree, Defendant shall confirm to the EEOC that it provided the annual training described in Paragraphs 17-18 and shall specify the names and job titles of the individuals who attended the training. This information shall be provided as part of the annual report Kaiser submits to the EEOC.

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 10 of 15

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

D. <u>Policies Designed to Promote Accountability</u>

22. Defendant shall ensure performance policies and standards that evaluate human resource personnel, and medical and nurse contractors their compliance with EEO policies procedures, and which expressly hold all supervisory and management employees accountable for maintaining a workplace free of discrimination, harassment and retaliation. Supervisors and managers, including hiring managers, will be notified that their violations of the companies' antidiscrimination policies shall result in appropriate discipline up to and including termination. In addition, supervisors shall be informed of their obligation to report, prevent and correct any discrimination, harassment or retaliation they observe or become aware of in the workplace. They shall be warned that a failure to take action may also result in negative impact to aspects of their employment and/or disciplinary action up to and including termination. Kaiser shall advise its medical contractors that failure to comply with Kaiser's EEO policies will allow Kaiser to void the contract for services.

F. <u>Reporting</u>

23. Kaiser shall report to the EEOC for a period of three (3) years. The reports shall be in writing and submitted on an annual basis during the three-year

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 11 of 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

reporting period. The reporting period will run from the date of the entry of this Consent Decree.

    24.    These annual reports shall be submitted to the Seattle Field Office of the EEOC and contain the following information and attachments:

    a.  Certification that Kaiser has:

        i.  Continued to maintain its written EEO policies and procedures and distributed copies of its EEO policy as described in Paragraphs 13--15;

        ii.  Complied with the training provisions enumerated in Paragraphs 17-19 and provide a list of all attendees, with job titles, for each training completed; and

        iii.  Continued to hold managers, supervisors, hiring officials, human resources personnel, and medical nurse and contractors accountable as required by Paragraph 22; and

        iv.  Complied with all other provisions of this Consent Decree.

    b.  Copies of the following documents shall be included with each annual report:

        i.  A copy of the Company's EEO policy and procedures maintained in accordance with the provisions of this Consent Decree;

        ii.  A copy of its current EEO policy and a list of any changes, modifications or revisions to its EEO policies and procedures, if any, which concern or affect the subject of discrimination or retaliation;

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 12 of 15

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911
TDD: (206) 220-6882

      iii. A summary of formal or informal disability discrimination or disability retaliation complaints, if any, filed by employees or applicants, identified by name, home address, phone numbers and email address, the actions taken by the company and the resolution of each such complaint;

25. If applicable, Kaiser shall submit a statement with its report to the EEOC specifying the areas of noncompliance, the reason for the noncompliance, and the steps that shall be taken to bring Defendant into compliance by a date certain.

G. <u>Posting</u>

26. Kaiser shall post a Notice to All Employees. This Notice is attached as Exhibit B to this Consent Decree. The Notice shall be conspicuously posted on bulletin board at all Defendant facilities for the duration of the Consent Decree.

## VI.  ENFORCEMENT

27. If the EEOC determines that Kaiser has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendant. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least forty-five (45) days after providing written notification of the alleged breach. The 45-day period following the written notice shall be used by the EEOC and Kaiser for good faith efforts to resolve the dispute.

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 13 of 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## VII. RETENTION OF JURISDICTION

28.     The United States District Court for the Eastern District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree.

## VIII. DURATION AND TERMINATION

29.     This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Kaiser to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

DATED this 17th day of October, 2017.

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | JAMES L. LEE<br>Deputy General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |
| TERI HEALY<br>Senior Trial Attorney | |

BY: *s/ Roberta S. Steele*
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 First Avenue, Suite 400              Office of the General Counsel
Seattle, WA  98104-1061                  131 M Street, N.E.
Telephone (206) 220-6919                 Washington, D.C. 20507

Attorneys for Plaintiff EEOC

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 14 of 15

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

By: /s/ signature

WILLIAM M. SYMMES
MICHAEL F. NIENSTEDT
Witherspoon Kelley
422 West Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
wms@witherspoonkelley.com
mfn@witherspoonkelley.com

Attorneys for Defendant

EEOC v. KAISER ALUMINUM – [Proposed] CONSENT DECREE
Page 15 of 15

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882